## SEPTEMBER TERM, 1789.

### ISAAC HITE, Assignee, etc. *v.* JESSE HARRISON.

#### *On a Caveat.*

The plaintiff, on the 30th day of June, in the year 1785, entered the following caveat, to-wit:

" Let no grant issue to Jesse Harrison for 815 acres of land on Harrod's creek, adjoining David Crawford, and James Stephenson, surveyed by virtue of an entry made upon a treasury warrant; because Isaac Hite, assignee of David Williams, claims a part thereof, by a survey made by virtue of an entry made upon a pre-emption warrant, adjoining his settlement, prior to the said Harrison's entry upon treasury warrant, and because the said Harrison has not made his survey agreeably to his entry."

David Williams, on the 24th day of February, in the year 1780, obtained from the commissioners for the district of Kentucky, the following certificate, to-wit:

" David Williams, by Isaac Hite, this day claimed a settlement and pre-emption to a tract of land in the district of Kentucky, on account of raising a crop of corn in the country, in the year 1775, lying on the main forks of Harrod's creek, about three miles above the forks, to include an improvement made by Peter Casey, in the year 1775. Satisfactory proof being made to the court, they are of the opinion that the said Williams has a right to a settlement of 400 acres of land, to include the said improvement, and the pre-emption of one thousand acres adjoining, and that a certificate issue accordingly."

And on the second day of March, 1780, entered his certificate for settlement, with the county surveyor, in the following words, to-wit:

" David Williams enters 400 acres in Kentucky, by virtue of a certificate, etc., lying on the main forks of Harrod's creek, about

three miles above the falls, to include an improvement, made by Peter Casey, in the year 1775."

And on the ninth day of January, in the year 1783, also entered his pre-emption warrant with the county surveyor in the following words, to-wit:

" David Williams enters 1,000 acres on a pre-emption warrant, No. 1754, on the west side of Harrod's creek, a branch of the Ohio, adjoining his settlement on the west side, and extending west and north for quantity."

Jesse Harrison, on the 19th day of January, in the year 1784, made the following entry with the county surveyor, to-wit:

" Jesse Harrison enters 815 acres of land upon a treasury warrant, No. 14,478, between the north and south fork of Harrod's creek, beginning at the north-west corner of David Crawford's pre-emption, on the south bank of the north fork, running south 76 east, with the said Crawford's line, and continuing the same course so far that a line running at right angles thereto, to the north fork of Harrod's creek, will include the quantity, between the north fork and the said lines."

The annexed connected plat, No. 11, was returned in this cause, of which the following is an explanation:

a b c d, and black lines, David Williams' settlement, as surveyed. c d e f, David Williams' pre-emption, as surveyed. A B C D, Jesse Harrison's survey on entry for 815 acres, on treasury warrant.

W, David Williams' improvement. The dotted lines, David Williams' settlement and pre-emption, as directed by the court; the water course is the north fork of Harrod's creek. 1 2 3, the interference with the pre-emption laid down in a square form—which is 26 acres.

The jury impaneled to find facts, found that the plaintiff had included in his settlement survey, the improvement on which his claim was founded.

BY THE COURT.—The plaintiff, as assignee of David Williams, ought to have surveyed the settlement in a square form, the lines running to the cardinal points, and at equal distances from the improvement, and the pre-emption also in a square form, on the west side of the settlement, beginning at the south-west corner and running to the cardinal point.

Judgment for the plaintiff, for the interference designated on the plat by the figures 1 2 3, which is twenty-six acres, and half costs.